**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KARI LEE,<br><br>        Plaintiff,<br><br>    v.<br><br>COOK COUNTY SHERIFF, COOK COUNTY HEALTH AND HOSPITALS SYSTEMS; CITY OF CHICAGO, OFFICER JACKSON, a Police Officer for COOK COUNTY HEALTH SYSTEMS, individually and as Agent; OFFICER JAMIRSKI, a Police Officer of the COOK COUNTY HEALTH SYSTEMS, Individually and as Agent; OFFICER RODNEY HUNTER, a Police Officer FOR COOK COUNTY HOSPITAL HEALTH SYSTEMS, Individually, and as Agent, of the City of Chicago, Individually; SERGEANT GREG HARDING, Individually and as Agent of City of Chicago; OFFICER HUNTER, a Police Officer of COOK COUNTY HOSPITAL HEALTH SYSTEMS, Individually;<br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

## COMPLAINT at LAW

## JURISDICTION AND VENUE
## INTRODUCTION

1.      This is a civil action for damages against the defendants for committing acts under color of state law, thereby depriving plaintiff of his rights secured by federal law and Illinois Statutes and Illinois common law.  Specifically, this is a civil action for damages arising under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983 and the Statutes and common law of the State of Illinois.  The jurisdiction of this court is predicated upon 28 U.S.C. §§1331, 1343 and 1367.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391. Plaintiff demands Trial by Jury.

2.      The amount in controversy exclusive of interest and costs, exceeds the sum of $50,000.00.

3.      At all relevant times, Plaintiff KARI M. LEE ("Lee") has been and continues to be a citizen of the United States and at all relevant times was a resident near Parkside Avenue in the City of Chicago, County of Cook, State of Illinois and was a patient at COOK COUNTY HEALTH & HOSPITAL SYSTEMS.

4.      At all times relevant hereto, upon information and belief, defendants COOK COUNTY HEALTH & HOSPITAL SYSTEMS, CITY OF CHICAGO, and or COOK COUNTY SHERIFF, employed or assigned officers known and unknown, to be OFFICERS JACKSON, JAMIRSKI, HUNTER AND HARDING, were police officers or security, acting within the course and scope of their employment at the COOK COUNTY HEALTH & HOSPITAL SYSTEMS, holding themselves out as Chicago Police Officers, or Cook County Sheriffs, and in-house security for the defendant hospital, and were in facts assigned to the hospital for security

purposes.

5. That on or around July 21, 2018, Lee became a patient of COOK COUNTY HEALTH SYSTEMS, hospitals, located at or near1901 W. Harrison, in Chicago, Illinois, having been brought in via ambulance after suffering facial gunshot wounds, chest wounds, and hip wounds, requiring surgery. Patient was intubated upon arrival and on or around July 24, 2018, Lee, walked from his hospital room down the hallway in a state of confusion and was severely beaten about the face, head and body by officers assigned to the hospital by the City of Chicago, the Cook County Sheriff and the Cook County Hospital.

6. Said officers were in fact acting in the capacity as the agents, servants and employees of the defendants, CITY OF CHICAGO, COOK COUNTY SHERIFF and COOK COUNTY HEALTH SYSTEMS, and refused to verify actual employer during, while and after Lee was abused and beaten while a patient at COOK COUNTY HEALTH SYSTEMS, are sued individually.

7. At all times relevant hereto, upon information and belief, OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER were acting in such capacity as the agents, servants and employees of the CITY OF CHICAGO and/ or the COOK COUNTY SHERIFF'S OFFICE and COOK COUNTY HEALTH SYTEMS.  They are sued individually.

8. At all times relevant hereto and in all their actions described herein, Defendants, OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER were acting under color of law and pursuant to their authority as Police Officers of the City of Chicago, COOK COUNTY SHERIFF, and COOK COUNTY HEALTH SYSTEMS.

9. On July 24, 2018, Defendant Officers were assigned to duty on behalf of these defendants, CITY OF CHICAGO, COOK COUNTY SHERIFF, and COOK COUNTY HOSPITALS and HEALTH SYSTEMS.

10. On July 24, 2018 t approximately 1:00 p.m. and sometime prior to and after, Defendants, Officers named, along with the Unknown Chicago Police Officers, Sheriff's Police, and Hospital police observed patient, or were called by Hospital staff, to report, Lee walking out of his room, and without warning or command, LEE was restrained with handcuffs, repeatedly punched in the face and head at or near his bullet wounds, and was aggressively beaten by four officers.

11. When Defendants, OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER and unknown others of the aforementioned Defendants, along with the Unknown Police Officer of the CITY OF CHICAGO forcibly tackled LEE with reckless disregard for his health and safety, causing further injury

12. At all relevant times herein, Plaintiff had not resisted and had not displayed any violent actions to cause the Defendant Police Officers then present to believe they were in imminent danger from Plaintiff. In fact, LEE was in a weakened state from his gun shot wounds.

13. As Plaintiff lay on the floor offering no resistance, OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER OFFICER FOLEY and the Unknown Police Officers using their fists willfully, maliciously and intentionally struck, beat and battered Plaintiff about the face, , skull, head, stomach and torso.

14. The other Defendants in the room, including OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER, made no actions to attempt to restrain or stop officers from beating and kicking Plaintiff.

15. As a result of the aforementioned beating, Plaintiff was bleedings and bandaged and had visible injuries, and was known to be a patient of COOK COUNTY HOSPITAL, yes from a cut to the face and had other visible injuries, along with internal injuries, however, Plaintiff's pleas to stop the beating were ignored, and seemingly fueled by his cries for help. He was not free to leave to premises and had a reasonable belief that he was detained.

**COUNT II**
**VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS**
**COOK COUNTY HEALTH AND HOSPITAL SYSTEMS**

1-15. Plaintiff adopts and realleges paragraphs 1 through 15 of the Introduction as paragraphs 1 through 18 of Count II as though fully set forth herein.

16. In causing and also failing to stop and restrain Defendant COOK COUNTY HEALTH AND HOSPITAL SYSTEMS, regarding the use of force after a hospital patient that has been treated restrained and is offering no resistance to arrest and the proper care of a patient.

17. COOK COUNTY HEALTH AND HOSPITAL SYSTEMS at all relevant time hereto, had the duty, due to the special relationship existing between it and its' patient violated Lee, a patient, under color of state law, to restrain a fellow officer from the using excessive and unwarranted force and physical or mental abuse on a person in custody and under arrest. Defendants COOK COUNTY HEALTH AND HOSPITAL SYSTEMS, at all relevant time hereto, had the duty to refrain from depriving a person in custody or not in custody of his constitutional rights and his right to be free from unreasonable seizures.

18. On or about July 24, 2018, individually and under color of state law and in the scope of their employment, COOK COUNTY HEALTH AND HOSPITAL SYSTEMS were guilty of one or more of the following intentional, knowing or willful and wanton acts or

omissions:

    a. Failing to provide a safe environment for patients.
    b. Failing to train its police and staff on procedures and patient safety.
    c. Failing to restrain and stop other police officers from assaulting, beating and battering Plaintiff while he was restrained, unable to defend himself and offering no resistance, thereby allowing external and internal injuries to be inflicted upon Plaintiff.
    d. Endangering patients by providing onsite police who lack appropriate training and medical knowledge.

19. The above described conduct of Defendants, COOK COUNTY HEALTH AND HOSPITAL SYSTEMS individually and under color and pretense of state law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983, including, but not limited to:

    a. The right to be secure in his person and effects against the excessive and unwarranted use of force after being placed under arrest; and

    b. The right not to be deprived of life and liberty without due process of law and the right to be free from unwarranted police interference with rights guaranteed by statute, and;

    c. The right to be free from the infliction of excessive force while being arrested.
    d. Failure to train staff to prevent incidents of this nature.

20. As a direct and proximate cause of the foregoing intentional, knowing and willful and wanton acts or omissions of Defendants, COOK COUNTY HEALTH AND HOSPITAL SYSTEMS Plaintiff, suffered and continues to suffer injuries, pain and suffering; and has expended and will continue to expend money for medical care and loss of earnings.

WHEREFORE, plaintiff, KARI M. LEE, respectfully requests judgment in his favor and against the Defendants, COOK COUNTY HEALTH AND HOSPITAL SYSTEMS, individually, for damages in an amount in excess of $50,000.00, and due to the defendants' callous disregard

to plaintiff's rights, plaintiff further requests judgment against said Defendants, for punitive damages in an amount to be determined, attorneys' fees pursuant to 42 U.S.C. §1988 and such other relief as the Court deems just and reasonable.

## COUNT III
## VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS
## CITY OF CHICAGO

1-15. Plaintiff adopts and alleges paragraphs 1 through 18 of the Introduction as paragraphs 1 through 18 of Count I as though fully set forth herein.

16. In beating the Plaintiff, Defendant CITY OF CHICAGO directly violated the rules and regulations of the CITY OF CHICAGO police department, regarding the use of force after an arrestee has be restrained and is offering no resistance to arrest through officers, HUNTER.

17. OFFICER HUNTER, at all relevant time hereto, had the duty, due to the special relationship existing between a police official and a detainee under color of state law, to refrain from the use of force and physical or mental abuse on a person in custody and under arrest. Defendant, OFFICER HUNTER, at all relevant time hereto, had the duty to refrain from depriving a person in custody and under arrest of his constitutional rights and his right to be free from unreasonable and excessive force before.

18. On or about July 24, 2018, individually and under color of state law and in the scope of their employment, OFFICER HUNTER was guilty of one or more of the following intentional, knowing or willful and wanton acts or omissions:

    a. Striking the person of Plaintiff numerous times on or about

7

        the head, face, stomach and torso with blunt objects and with feet, causing external and internal injuries;

        b.     Assaulting, beating and battering Plaintiff while he was restrained, unable to defend himself and offering no resistance, causing external and internal injuries to Plaintiff; and

        c.     Engaging in such extreme and outrageous conduct intending to cause or recklessly disregarding the probability of causing injury and extreme emotional distress to Plaintiff

19.    The above described conduct of Defendant, OFFICER HUNTER a CITY OF CHICAGO Police Officer, individually and under color and pretense of state law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Sections 1983, including, but not limited to:

        a.     The right to be secure in his person and effects against the excessive and unwarranted use of force after being placed under arrest, and;

        b.     The right not to be deprived of life and liberty without due process of law and the right to be free from unwarranted police interference with rights guaranteed by statute.

20.    As a direct and proximate cause of the foregoing intentional, knowing and willful and wanton acts or omissions of Defendant, OFFICER HUNTER, Plaintiff, suffered and continues to suffer injuries, pain and suffering and has expended and will continue to expend money for medical care and loss of earnings.

WHEREFORE, Plaintiff, KARI M. LEE, respectfully requests judgment in his favor and against the Defendant, OFFICER HUNTER individually, for damages in an amount in excess of $50,000.00, and due to the defendant's callous disregard to plaintiff's rights, plaintiff further requests judgment against said Defendant, for punitive damages in an amount to be determined, attorneys' fees pursuant to 42 U.S.C. §1988 and such other relief as the Court deems just and reasonable.

**COUNT IV**
**VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS**
**CITY OF CHICAGO CITY OF CHICAGO POLICE OFFICERS**

1-15. Plaintiff adopts and realleges paragraphs 1 through 15 of the Introduction as paragraphs 1 through 18 of Count II as though fully set forth herein.

16. In failing to stop and restrain Defendant OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER directly violated the rules and regulations of the City of Chicago Police Departments, regarding the use of force after an hospital patient that has been restrained and is offering no resistance to arrest and the proper care of an arrestee.

17. OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER, at all relevant time hereto, had the duty, due to the special relationship existing between a police official and an arrestee or patient under color of state law, to restrain a fellow officer from the using excessive and unwarranted force and physical or mental abuse on a person in custody and under arrest. Defendants OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER, at all relevant time hereto, had the duty to refrain from depriving a person in custody or not in custody of his constitutional rights and his right to be free from unreasonable seizures.

18. On or about July 24, 2018, individually and under color of state law and in the scope of their employment, OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER were guilty of one or more of the following intentional, knowing or willful and wanton acts or omissions:

a. Failing to restrain and stop other police officers from assaulting, beating and battering

Plaintiff while he was restrained, unable to defend himself and offering no resistance, thereby allowing external and internal injuries to be inflicted upon Plaintiff.

19. The above described conduct of Defendants, OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER individually and under color and pretense of state law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983, including, but not limited to:

   a. The right to be secure in his person and effects against the excessive and unwarranted use of force after being placed under arrest; and

   b. The right not to be deprived of life and liberty without due process of law and the right to be free from unwarranted police interference with rights guaranteed by statute, and;

   c. The right to be free from the infliction of excessive force while being arrested.

20. As a direct and proximate cause of the foregoing intentional, knowing and willful and wanton acts or omissions of Defendants, OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER Plaintiff, suffered and continues to suffer injuries, pain and suffering; and has expended and will continue to expend money for medical care and loss of earnings.

WHEREFORE, plaintiff, KARI M. LEE, respectfully requests judgment in his favor and against the Defendants, OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER, individually, for damages in an amount in excess of $50,000.00, and due to the defendants' callous disregard to plaintiff's rights, plaintiff further requests judgment against said Defendants, for punitive damages in an amount to be determined, attorneys' fees pursuant to 42 U.S.C. §1988 and such other relief as the Court deems just and reasonable.

WHEREFORE, Plaintiff, KARI M. LEE, respectfully requests judgment in his favor and against Defendant, OFFICER BRIAN FOLEY, awarding compensatory and punitive damages in an amount in excess of $50,000.00, and such other relief as the Court deems just and reasonable.

### COUNT V
### VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS
### COOK COUNTY SHERIFF

1-18. Plaintiff adopts and realleges paragraphs 1 through 18 of the Introduction as paragraphs 1 through 18 of Count II as though fully set forth herein.

19. In failing to stop and restrain Defendant COOK COUNTY SHERIFF directly violated the rules and regulations of the COOK COUNTY SHERIFF, regarding the use of force after an hospital patient that has been restrained and is offering no resistance to arrest and the proper care of an arrestee.

20. COOK COUNTY SHERIFF at all relevant time hereto, had the duty, due to the special relationship existing between a police official and an arrestee or patient under color of state law, to restrain a fellow officer from the using excessive and unwarranted force and physical or mental abuse on a person in custody and under arrest. Defendants COOK COUNTY SHERIFF, at all relevant time hereto, had the duty to refrain from depriving a person in custody or not in custody of his constitutional rights and his right to be free from unreasonable seizures.

21. On or about July 24, 2018, individually and under color of state law and in the scope of their employment, COOK COUNTY SHERIFF were guilty of one or more of the

following intentional, knowing or willful and wanton acts or omissions:

a. Failing to restrain and stop other police officers from assaulting, beating and battering Plaintiff while he was restrained, unable to defend himself and offering no resistance, thereby allowing external and internal injuries to be inflicted upon Plaintiff.

22. The above described conduct of Defendants, COOK COUNTY SHERIFF individually and under color and pretense of state law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983, including, but not limited to:

   a. The right to be secure in his person and effects against the excessive and unwarranted use of force after being placed under arrest; and

   b. The right not to be deprived of life and liberty without due process of law and the right to be free from unwarranted police interference with rights guaranteed by statute, and;

   c. The right to be free from the infliction of excessive force while being arrested.
   d. Failure to train staff to prevent incidents of this nature.

23. As a direct and proximate cause of the foregoing intentional, knowing and willful and wanton acts or omissions of Defendants, COOK COUNTY SHERIFF Plaintiff, suffered and continues to suffer injuries, pain and suffering; and has expended and will continue to expend money for medical care and loss of earnings.

WHEREFORE, plaintiff, KARI M. LEE, respectfully requests judgment in his favor and against the Defendants, COOK COUNTY SHERIFF, individually, for damages in an amount in excess of $50,000.00, and due to the defendants' callous disregard to plaintiff's rights, plaintiff further requests judgment against said Defendants, for punitive damages in an amount to be determined, attorneys' fees pursuant to 42 U.S.C. §1988 and such other relief as the Court deems

just and reasonable.

## COUNT VI
## VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS
## COOK COUNTY HEALTH AND HOSPITAL SYSTEMS

1-15.   Plaintiff adopts and realleges paragraphs 1 through 15 of the Introduction as paragraphs 1 through 18 of Count II as though fully set forth herein.

16.   In causing and also failing to stop and restrain Defendant COOK COUNTY HEALTH AND HOSPITAL SYSTEMS, regarding the use of force after a hospital patient that has been treated restrained and is offering no resistance to arrest and the proper care of a patient.

17.   COOK COUNTY HEALTH AND HOSPITAL SYSTEMS at all relevant time hereto, had the duty, due to the special relationship existing between a police official and an arrestee or patient under color of state law, to restrain a fellow officer from the using excessive and unwarranted force and physical or mental abuse on a person in custody and under arrest. Defendants COOK COUNTY HEALTH AND HOSPITAL SYSTEMS, at all relevant time hereto, had the duty to refrain from depriving a person in custody or not in custody of his constitutional rights and his right to be free from unreasonable seizures.

18.   On or about July 24, 2018, individually and under color of state law and in the scope of their employment, COOK COUNTY HEALTH AND HOSPITAL SYSTEMS were guilty of one or more of the following  intentional, knowing or willful and wanton acts or omissions:

   e. Failing to provide a safe environment for patients.
   f. Failing to train its police and staff on procedures and patient safety.
   g. Failing to restrain and stop other police officers from assaulting, beating and battering Plaintiff while he was restrained, unable to defend himself and offering no resistance, thereby allowing external and internal injuries to be inflicted upon Plaintiff.

      h.   Endangering patients by providing onsite police who lack appropriate training and medical knowledge.

19.    The above described conduct of Defendants, COOK COUNTY HEALTH AND HOSPITAL SYSTEMS individually and under color and pretense of state law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983, including, but not limited to:

      a.   The right to be secure in his person and effects against the excessive and unwarranted use of force after being placed under arrest; and

      b.   The right not to be deprived of life and liberty without due process of law and the right to be free from unwarranted police interference with rights guaranteed by statute, and;

      c.   The right to be free from the infliction of excessive force while being arrested.

      d.   Failure to train staff to prevent incidents of this nature.

20.    As a direct and proximate cause of the foregoing intentional, knowing and willful and wanton acts or omissions of Defendants, COOK COUNTY HEALTH AND HOSPITAL SYSTEMS Plaintiff, suffered and continues to suffer injuries, pain and suffering; and has expended and will continue to expend money for medical care and loss of earnings.

WHEREFORE, plaintiff, KARI M. LEE, respectfully requests judgment in his favor and against the Defendants, COOK COUNTY HEALTH AND HOSPITAL SYSTEMS, individually, for damages in an amount in excess of $50,000.00, and due to the defendants' callous disregard to plaintiff's rights, plaintiff further requests judgment against said Defendants, for punitive damages in an amount to be determined, attorneys' fees pursuant to 42 U.S.C. §1988 and such other relief as the Court deems just and reasonable.

WHEREFORE, Plaintiff, KARI M. LEE, respectfully requests judgment in his favor and against Defendant, COOK COUNTY HEALTH AND HOSPITAL SYSTEMS COOK COUNTY SHERIFF, awarding compensatory and punitive damages in an amount in excess of $50,000.00, and such other relief as the Court deems just and reasonable.

## COUNT VII
## VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS
## COOK COUNTY SHERIFF AND ITS OFFICERS

1-15. Plaintiff adopts and realleges paragraphs 1 through 15 of the Introduction as paragraphs 1 through 14 of Count II as though fully set forth herein.

16. In failing to stop and restrain Defendant OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER directly violated the rules and regulations of the COOK COUNTY SHERIFF, regarding the use of force after an hospital patient that has been restrained and is offering no resistance to arrest and the proper care of an arrestee.

17. OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER, at all relevant time hereto, had the duty, due to the special relationship existing between a police official and an arrestee or patient under color of state law, to restrain a fellow officer from the using excessive and unwarranted force and physical or mental abuse on a person in custody and under arrest. Defendants OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER, at all relevant time hereto, had the duty to refrain from depriving a person in custody or not in custody of his constitutional rights and his right to be free from unreasonable seizures.

18. On or about July 24, 2018, individually and under color of state law and in the scope of their employment, OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER were guilty of one or more of the following intentional, knowing or willful and wanton acts or omissions:

   a. Causing severe physical beating upon Lee
   b. Failing to restrain and stop other police officers from assaulting, beating and battering Plaintiff while he was restrained, unable to defend himself and offering no resistance, thereby allowing external and internal injuries to be inflicted upon Plaintiff.

19. The above described conduct of Defendants, OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER individually and under color and pretense of state law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983, including, but not limited to:

   a. The right to be secure in his person and effects against the excessive and unwarranted use of force after being placed under arrest; and

   b. The right not to be deprived of life and liberty without due process of law and the right to be free from unwarranted police interference with rights guaranteed by statute, and;

   c. The right to be free from the infliction of excessive force while being arrested.

20. As a direct and proximate cause of the foregoing intentional, knowing and willful and wanton acts or omissions of Defendants, OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER Plaintiff, suffered and continues to suffer injuries, pain and suffering; and has expended and will continue to expend money for medical care and loss of earnings.

WHEREFORE, plaintiff, KARI M. LEE, respectfully requests judgment in his favor and

against the Defendants, OFFICER JACKSON, OFFICER JAMIRKSI, SERGEANT HARDING, and OFFICER HUNTER, individually, for damages in an amount in excess of $50,000.00, and due to the defendants' callous disregard to plaintiff's rights, plaintiff further requests judgment against said Defendants, for punitive damages in an amount to be determined, attorneys' fees pursuant to 42 U.S.C. §1988 and such other relief as the Court deems just and reasonable.

Respectfully submitted,

*/s/ Nadesh Elrabadi*

_____

Plaintiffs' Attorneys

ELRABADI LAW Attorney for Plaintiffs
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
312-444-9606 (main)
312-896-9185 (e-fax)