IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KARI LEE,

                     Plaintiff,

          v.

COOK COUNTY SHERIFF, *et al.,*

                   Defendants.

Case No. 19 C 4560

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Kari Lee ("Lee") filed a Complaint against Defendants County of Cook ("Cook County"), the City of Chicago, the Cook County Sheriff, and other known and unknown individuals employed or assigned officers thereof, including Officers Jackson, Jamirski, Hunter, and Harding, alleging claims under the Fourth and Fourteenth Amendments, 42 U.S.C. § 1983, and Illinois law. Defendant Cook County Sheriff filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) arguing that Lee failed to state a claim and to serve process timely (Dkt. No. 23). Defendant Cook County filed a separate Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) arguing that Lee failed to timely serve process (Dkt. No. 27).

## I.  BACKGROUND

### A.  Cause of Action

The Complaint alleges the following facts. Around July 24, 2018, Lee arrived by ambulance to a Cook County Health facility located at 1901 W. Harrison St., Chicago, Illinois, for treatment of gunshot wounds to his face, chest, and hip. (Compl. at ¶ 5.) Upon Lee's arrival, the hospital admitted him as a patient and intubated him. (*Id.*) Lee recalls feeling in a state of confusion as he walked from his hospital room down the hallway and encountered Officers Jackson, Jamirski, Hunter, Harding, and other unidentified officers (*Id.* at ¶¶ 4-5). These officers were assigned to the hospital by the City of Chicago, the Cook County Sheriff, and the Cook County Hospital. (*Id.* at ¶ 5.)

The officers tackled Lee, restrained him with handcuffs, punched him several times in the face and head near his gunshot wounds, and beat his body (*Id.* at ¶¶ 5, 10-11). Lee did not resist or retaliate. (*Id.* at ¶ 12-13.) As Lee lay on the floor, Officers Jackson, Jamirksi, Hunter, Foley, and Sergeant Harding kicked and used their fists to strike Lee's face, skull, stomach, and torso. (*Id.* at ¶¶ 13-14.) During the beating, Lee cried for help. (*Id.* at ¶¶ 12-13.) The beating intensified upon Lee's cries for help. (*Id.* at ¶ 15.) Officers Jackson, Jamirksi, Hunter, and Sergeant Harding took no actions in attempt to restrain their colleagues or stop

them from beating and kicking Lee. (*Id.* at ¶ 14.) The encounter left Lee with internal and visible injuries, including a cut to the face. (*Id.* at ¶ 15.)

### B. Action in Court

Lee filed suit on July 5, 2019 (Dkt. No. 1). Between July 2020 and April 2022, the case lay dormant. (During this time, the parties and the Court were dealing with the COVID-19 pandemic.) At a status conference on May 19, 2022, the Court granted Plaintiff an extension to serve the parties by June 20, 2022 (Dkt. No. 18). On June 16, 2022, a Summons was issued as to Defendants Cook County Health and Hospital Systems, Cook County Sheriff, Greg Harding, Hunter, Rodney Hunter, Jackson, Jamirski. (*See* Dkt.) On July 1, 2022, Lee executed waivers of service and sent waivers to all Defendants with answers due by August 30, 2022 (Dkt. No. 19). On August 1, 2022, Lee issued an alias summons as to Defendant Cook County Sheriff. (*See* Dkt. entry dated 08/01/22.)

Later that month, separate attorneys appeared on behalf of Defendants Cook County Sheriff and Cook County, respectively (Dkt. Nos. 24, 26). Defendant Cook County claims that it has been incorrectly named as "Cook County Health & Hospital System." (Dkt. No. 27 at 1-2.) Both Defendants are seeking dismissal here and contend that they have not been served. (Dkt. Nos. 23 at 4, 27 at 2.) Lee filed an affidavit by his attorney's hired process server,

Jeffrey Nagamine, who declared that he was delayed in providing service in the time frame asked due to a higher workload and fewer resources (Dkt. No. 30-1 at 1). In February 2023, an additional lawyer filed an appearance on behalf of Lee (Dkt. No. 39).

## II. <u>LEGAL STANDARD</u>

Under Rule 12(b)(5), a defendant may move to dismiss a complaint due to insufficient service of process. Fed. R. Civ. P. 12(b)(5). When a defendant files a Rule 12(b)(5) motion, the plaintiff bears the burden to prove that the defendant was properly served. *Cardenas v. City of Chicago,* 646 F.3d 1001, 1005 (7th Cir. 2011). To avoid possible dismissal of the suit, the plaintiff must serve the defendant within 90 days of filing the lawsuit unless they can demonstrate good cause for inability to do so. Fed. R. Civ. P. 4(m). Where the plaintiff has not met this burden, the district court "must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Cardenas,* 646 F.3d at 1005 (citing Fed. R. Civ. P. 4(m)). The decision to either dismiss or specify a time for service is discretionary. *Id.; See Carr v. Mendrick,* 2022 WL 13919326, at *2 (N.D. Ill. Oct. 24, 2022).

Under Rule 12(b)(6), dismissal of a suit is warranted "only if no relief could be granted under any set of facts that could be proved consistent with the allegations." *Christensen v. Cty. of*

*Boone,* 483 F.3d 454, 458 (7th Cir. 2007) (internal citations omitted). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570). When considering a Rule 12(b)(6) motion to dismiss, the Court must "accept [ ] as true all well-pleaded facts alleged, and draw[ ] all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). However, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555. Pleadings that offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted).

### III. <u>DISCUSSION</u>

#### A. FED R. CIV. P. 12(b)(5)

Defendants argues that the Court should dismiss Lee's Complaint for his failure to provide timely service of process, in violation of FED. R. CIV. P. 4(m). The Court declines to do so.

- 5 -

The purpose of the service of process deadline found in Rule 4(m) is to provide notice to parties, to encourage parties and their attorneys to pursue their cases diligently, and to allow the district court to exercise jurisdiction over the defendants. *Cardenas v. City of Chicago,* 646 F. 3d 1001, 1005–1006 (7th Cir. 2011) (internal citations omitted). Factors a court may consider when deciding whether to grant an extension of time for service of process include but are not limited to: whether the statute of limitations would prevent refiling of the action; whether the defendant's ability to defend would be harmed by an extension; whether the defendant received actual notice; whether the defendant evaded service; whether the defendant admitted liability; whether dismissal will result in a windfall to a defendant; whether the plaintiff eventually effected service; whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service; and whether the plaintiff diligently pursued service during the allotted period. *Jones v. Ramos,* 12 F.4th 745, 749 (7th Cir. 2021) (citing *Cardenas*, 646 F.3d at 1006–07).

Here, several favors weigh in favor of Plaintiff. The statute of limitations would prevent the refiling of the action. At this point, Defendants have notice of the suit. The Court previously granted Plaintiff an extension to serve the parties, and Plaintiff

has demonstrated difficulties perfecting service since then. The Court finds little reason to suspect dismissal would result in a "windfall" to Defendants yet remains unconvinced that the delay put them in a poor position to defend themselves, absent an explanation of why that would be. While the record lacks evidence that Lee has diligently pursued service during the allotted period, his attainment of new counsel shows some diligence, and he has demonstrated a good faith explanation due to limited resources.

Defendants' Motions to Dismiss the Complaint for failure to provide timely service are denied. The Court grants Lee an extension until April 30, 2023, to provide proof that the remaining Defendants are properly served. If no such evidence is provided, the Court will reconsider dismissal at that time.

### B.   FED R. CIV. P. 12(b)(6)

Defendant Cook County Sheriff moves to dismiss Count V and VII. Lee articulated both claims as "violations of constitutional and civil rights," with Count V against "Cook County Sheriff" and Count VII against "Cook County Sheriff and Its Officers." The Court construes Count V as against Sheriff Thomas Dart in his individual capacity and Count VII against the Sheriff in his official capacity. A claim against a state or municipal official in his or her official capacity is treated as claim against the entity itself. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (in an

- 7 -

official-capacity suit, "the real party in interest is the entity").

### 1. *The Sheriff in His Individual Capacity*

"Section 1983 creates a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters,* 97 F. 3d 987, 991 (7th Cir. 1996). The Seventh Circuit recognizes that police officers have a duty to intervene to stop "other officers who summarily punish a third person in his presence or otherwise within his knowledge." *Byrd v. Brishke,* 466 F. 2d 6, 11 (7th Cir. 1972). An officer may be liable for failing to intervene in an unprovoked attack by another officer if he had reason to know that excessive force was being used by another officer and he had a realistic opportunity to prevent the harm from occurring. *Yang v. Hardin,* 37 F. 3d 282, 285 (7th Cir. 1994). However, negligence is not sufficient to establish an officer's liability for failure to intervene. *Rascon v. Hardiman,* 803 F. 2d 269, 276-277 (7th Cir. 1986).

Defendant Cook County Sheriff argues that Lee failed to allege a plausible claim for a failure to intervene because Lee did not allege that the Sheriff was aware of the assault. Indeed, Lee did not allege that the Sheriff himself was on the premises during the

assault or in any position to intervene and stop the assault. The most Lee alleges here are legal conclusions. Therefore, Lee failed to state a cause of action as to the Sheriff in his individual capacity. Defendant Cook County Sheriff's Motion to Dismiss is granted as to Count V.

### 2. *The Sheriff's Office*

Liability attaches to municipalities when an alleged constitutional violation resulted from an official policy or custom of the entity. *Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658, 690-695 (1978). A municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691. However, a final policymaker's single decision, ratification of a subordinate's unconstitutional action and its basis, or obvious failure to train could engender liability for the municipal entity in which they hold a leadership role. *See Collins v. City of Harker Heights,* 503 U.S. 115, 120 (1992); *City of Canton v. Harris,* 489 U.S. 378 (1989); *see also Oklahoma City v. Tuttle,* 471 U.S. 808, 817 (1985).

The Complaint states, "In failing to stop and restrain [the officers, the officers] directly violated the rules and regulations of the Cook County Sheriff, regarding the use of force . . . and the proper care of an arrestee." (Compl. at ¶ 16.) The allegation that the officers "directly violated the rules and

regulations of the Cook County Sheriff" is irreconcilable with liability due to a formal policy. The fact that the Cook County Sheriff's Office has formal policies that condemn this behavior does not foreclose the possibility of a conflicting unwritten, *de facto* policy or custom that is unconstitutional, however, with the only alleged instance of misconduct being the one assault of Lee, there are insufficient facts to find one. *See Katz-Crank v. Haskett,* 843 F.3d 641, 647 (7th Cir. 2016). Without facts describing a prior pattern of similar violations making obvious a need for additional training that was not given, a single decision by a final policymaker that resulted in the charged violation, or any a ratification of the actions at issue, these avenues to relief remain beyond the reach of Lee's complaint, too. *See Connick v. Thompson,* 563 U.S. 51 (2011).

Because Lee failed to plead facts rendering plausible liability on the part of Cook County Sheriff in either an individual capacity or an official capacity, the Court dismisses Defendant Cook County Sheriff entirely.

### IV.  <u>CONCLUSION</u>

For the reasons stated herein, Defendant Cook County's Motion to Dismiss (Dkt. No. 27) is denied.  Defendant Cook County Sheriff's Motion to Dismiss (Dkt. No. 23) is granted.  The Court orders Lee to provide by April 30, 2023, proof that the remaining

Defendants are properly served. If no such evidence is provided, the Court will reconsider dismissal at that time.

**IT IS SO ORDERED.**


_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 3/31/2023