# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kari Lee, | |
| Plaintiff, | No. 19-cv-04560 |
| v. | Judge Harry D. Leinenweber |
| Cook County Health and Hospital Systems, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Defendants move to dismiss Plaintiff's Complaint under 12(b)(5) for Plaintiff's failure to timely serve process. For the following reasons, the Court GRANTS Defendants' 12(b)(5) Motion. The case is dismissed with prejudice.

### I.  BACKGROUND

On July 5, 2019, Plaintiff Kari Lee filed a seven-count complaint for a variety of alleged constitutional and civil rights violations committed by the following Defendants: the Cook County Sheriff, the County's Health and Hospital Systems (together, the "County Defendants"), and individual officers Jackson, Jamirski, Rodney Hunter, and Sergeant Greg Harding ("Officer Defendants"). Between July 2020 and April 2022, the case laid dormant. (During this time, the COVID-19 pandemic disrupted normal judiciary operations.) At a status conference on May 19, 2022, the Court granted Plaintiff an extension to serve the parties by June 20, 2022 (Dkt. No. 18).

Lee failed to serve Defendants by June 20, 2022, and on August 19, 2022, Defendant Cook County Sheriff moved to dismiss Lee's complaint under 12(b)(5) for failure to timely serve process and 12(b)(6) for failure to state a claim. (Dkt. No. 23). On September 20, 2022, Lee filed an affidavit by his attorney's hired process server, Jeffrey Nagamine, who declared that he was delayed in providing service in the time frame asked due to a higher workload and fewer resources (Dkt. No. 30-1 at 1). The Court dismissed Lee's claims against the County Sheriff under 12(b)(6) but declined to dismiss the Officer Defendants under 12(b)(5), granting Plaintiff "an extension until April 30, 2023, to provide proof that the remaining Defendants are properly served. If no such evidence is provided, the Court will reconsider dismissal at that time." (Dkt. No. 43 at 7).

Lee did not serve the Defendants by the April 30, 2023, deadline. On June 20, 2023, Defendants again moved to dismiss Lee's complaint under 12(b)(5) or, in the alternative, 12(b)(6). As of April 2024, almost a year after the Court's previously extended deadline, there is still no indication that the Defendants have been served. Accordingly, as explained in greater detail below, the Court GRANTS Defendants' 12(b)(5) Motion.

## II.  ANALYSIS

Under Rule 12(b)(5), a defendant may move to dismiss a complaint due to insufficient service of process. Fed. R. Civ P. 12(b)(5). When a defendant files a Rule 12(b)(5) motion, the plaintiff bears the burden to prove that the defendant was properly served. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). To avoid possible dismissal of the suit, the plaintiff must serve the defendant within 90 days of filing the lawsuit unless they can demonstrate good cause for inability to do so. Fed. R.

Civ P. 4(m). "If the plaintiff shows good cause for failure, the court must extend the time for service for an appropriate period." *Darko v. City of Chicago*, 2023 WL 5334600, at *4 (Aug. 18, 2023 N.D. Ill.) Absent such a showing, extension is within the court's discretion. *Cardenas*, 646 F.3d at 1005.

After two missed deadlines and hundreds of days past Plaintiff's initial filing of this suit, there is still no indication that Lee properly and timely served Defendants. Where, as here, the plaintiff fails to meet a court-ordered deadline extension, Rule 6(b)(2)'s standard governing time extensions controls. *U.S. v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006). Rule 6(b)(2) requires "the plaintiff to show *excusable neglect* if his motion for an extension is itself untimely." *Id.* (emphasis added). Even if good cause is shown, the Court is not required to grant the motion. *Id.*; Fed. R. Civ P. 6(b)(1)(B).

Instead of arguing good cause, Plaintiff's counsel submits exhibits of summonses that were returned unexecuted, having been left "unattended" on a desk with a placard "bearing (*sic*) name of Elijah Boston Security Officer." (Dkt. No. 49). These summonses are untimely, dated July 24, 2023. The summonses further indicate four previous attempts to serve the Officer Defendants personally at their workplace. Plaintiff's first attempt occurred on July 21, 2023, just three days prior to its last. Otherwise, it appears that Plaintiff's counsel made *zero* attempts to serve the Officer Defendants prior to its twice-extended April 23, 2023, deadline. These untimely attempts fail to comply with any of the requirements of Rule 4, as Plaintiff has "not shown that [Elijah Boston] was an authorized agent to receive service of process on" the Officer Defendants' behalf. *Cardenas*, 646 F.3d at 1006; Fed. R. Civ. P. 4(e)(2)(C). Under Illinois law, serving an

individual's employer or other putative agent is not sufficient for service on the individual. See 735 Ill. Comp. Stat. 5/2–203.

Plaintiff takes issue with how the Defendants' employer handles its employees' personal information, and seemingly offers Defendants' employer's internal policy as an excuse for Plaintiff's inability to serve the Officer Defendants. On July 10, 2023 – over a month overdue and almost a month after Defendants filed the instant Motion to Dismiss – Plaintiff's counsel Basil Salem emailed Defendants, asking Defendants to "either withdraw [their] motion to dismiss or give [Plaintiff] the addresses of the individual officers. Otherwise, you're obstructing our attempts to serve the individual officers." (Dkt. No. 49). Defense counsel's assistant Mia Buntic responded that, "The time to do this would have been years ago. At the latest, when the Court gave the last extension of time." (Id.) The Court agrees with Buntic. Almost five years after the commencement of this suit, the Defendants have yet to be served properly, and Plaintiff's criticisms of the Sherrif Office's policy does not excuse neglectful service. See Cardenas, 646 F.3d at 1005 (affirming dismissal where Plaintiff's good cause showing amounted to complaints "about the difficulty of serving police officers" without further explaining "how their attempt at service complied with either the state or federal rules.); see also Darko, 2023 WL 5334600, at *5 (denying time-extension despite statute of limitations tolling because Plaintiff made one "ineffectual" attempt at service over 8 months after filing, and there was nothing in the record to suggest that the defendant officers evaded service.)

The Court lacks the imagination required to offer illustrative examples of cognizable excuses where, as here, the plaintiff's attempts to serve Defendants

commence *months* after the expiration of twice-extended deadlines, and Plaintiff has fallen fatally short of offering one. *See Freeman v. Carter*, 2021 WL 4146999, at *4 (N.D. Ind. Sept. 13, 2021) (finding no good cause for improper, untimely service because "[a] prudent attorney exercising reasonable care and diligence would have inquired into the matter further when it was obvious that the acknowledgment form was not forthcoming.") (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306-07 (3d Cir. 1995)). *See also Landlock Natural Paving, Inc. v. Design L.P.*, 2015 WL 753828, at *3 (N.D. Ill. Feb. 20, 2015) (dismissing complaint where the statute of limitations would toll because plaintiff's counsel repeatedly failed to serve defendants). Because Plaintiff makes no showing of good cause – much less "excusable neglect" – for his failure to comply with the Court's April 30th deadline, the Court must and does DISMISS Lee's Complaint with prejudice.

### III. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss (Dkt. No. 45). The case is closed.

**IT IS SO ORDERED.**

                                             Harry D. Leinenweber, Judge
                                             United States District Court

Dated: 4-25-2024